# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re: | Chapter 11 |
| Katerra Inc., | Case No.: 21−31861 |
| Debtors. | |
| Katerra Construction LLC et al. by and through Daniel R. Williams, as Plan Administrator of Katerra Inc. and related debtors, | Adv. No. |
| Plaintiff, | **COMPLAINT FOR (i) BREACH OF CONTRACT OR ALTERNATIVELY UNJUST ENRICHMENT AND (ii) FOR THE TURNOVER OF PROPERTY OF THE ESTATE UNDER SECTION 542(b) OF THE BANKRUPTCY CODE** |
| v. | |
| 26-28 Cottage LLC, | |
| Defendant. | |

Katerra Construction, LLC, ("Plaintiff," the "Debtor" or "Katerra"), by and through Daniel R. Williams, as Plan Administrator ("Plan Administrator"), by and through his counsel, Guttilla Murphy Anderson, P.C., hereby files this Complaint (the "Complaint") against 26-28, Cottage, LLC, ("Defendant" or "Cottage") (i) for breach of contract or alternatively unjust enrichment; and (ii) to recover money and property belonging to the Debtor's estates under Section 542(b) of the Bankruptcy Code.

## I. PARTIES

1. Plaintiff is Katerra Construction, LLC, by and through the Plan Administrator on behalf of the Wind-Down Debtors (defined herein). Pursuant to the Confirmation Order and the Plan (defined herein), the Plan Administrator is duly authorized to assert claims on behalf of the Wind-Down Debtors.

149889052.1

2. Defendant is 26-28 Cottage LLC, a New Jersey limited liability company with its principal place of business at 98 Cuttermill Road, Suite 284 North, Great Neck, New York, 11021.

## II. PROCEDURAL BACKGROUND

3. On June 6, 2021 (the "Petition Date"), each of the debtors filed voluntary petitions for relief (the "Bankruptcy Cases") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

4. On October 21, 2021, the Court entered the *Order (I) Approving the Disclosure Statement and (II) Confirming the Amended Joint Chapter 11 Plan of Katerra Inc. and Its Debtor Subsidiaries* (the "Confirmation Order") [Docket No. 1372] confirming the *Debtors' Amended Joint Chapter 11 Plan* (the "Plan") [Docket No. 1338] and appointed Daniel R. Williams of JS Held, LLC (the "Plan Administrator") as the sole manager and sole officer of the related Debtors (the "Wind-Down Debtors").

5. The Plan and Confirmation Order preserve the Plan Administrator's right to prosecute various causes of action. *See* Plan at Article IV, ¶ N ("… the Wind-Down Debtors, as applicable, shall retain and may enforce all rights to commence and pursue, as appropriate, any and all Causes of Action, whether arising before or after the Petition Date, including any actions specifically enumerated in the Schedule of Retained Causes of Action, and the Wind-Down Debtors' rights to commence, prosecute, or settle such Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date…").

6. On October 20, 2021, the Wind-Down Debtors filed the *Notice of Filing of Third Amended Plan Supplement* [Docket No. 1358] (the "Third Amended Plan Supplement"), and attached as Schedule B to the Third Amended Plan Supplement is a Schedule of Retained Causes of Action. Schedule B to the Third Amended Plan Supplement preserves the Wind-Down Debtors' right to pursue "any and all Claims and Causes of action related to accounts receivable and accounts payable against or related to all Entities or Persons that owe … money to the Debtors or the Wind-Down Debtors" and "any and all Causes of Action, based in whole or in part upon any and all contracts … to which any Debtor is a party or pursuant to which any Debtor or Wind-Down Debtor has any rights whatsoever including, without limitation, Causes of Action against … any other parties … (b) for wrongful or improper termination … or failure to meet other contractual … obligations; (c) for failure to fully perform or to condition performance on additional requirements under contracts with any one or more of the Debtors before the assumption or rejection, if applicable, of such contracts; … (g) any turnover actions arising under section 542 … of the Bankruptcy Code…"). *See* Docket No. 1358, page 35-36.

7. On October 29, 2021, the Wind-Down Debtors filed the *Notice of Filing of Fifth Amended Plan Supplement* [Docket No. 1418] (the "Fifth Amended Plan Supplement"), and attached as Schedule B(vi) to the Fifth Amended Plan Supplement is a Schedule of Retained Causes of Action Related to Accounts Receivable.

8. Cottage is specifically listed on Schedule B (iv) on the Fifth Amended Plan Supplement. *See* Docket No. 1418 at page 8. Accordingly, the claims asserted in this

3

Complaint were explicitly preserved in the Plan, Confirmation Order and Plan Supplements.

### III.  JURISDICTION AND VENUE

9. This adversary proceeding arises under the Bankruptcy Code and arises in the Bankruptcy Cases.

10. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

11. This adversary proceeding constitutes a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

12. Jurisdiction and venue are proper in this Court pursuant to Federal Rule of Bankruptcy Procedure 7004 because this is a case brought under the Bankruptcy Code or is a civil proceeding arising under the Bankruptcy Code, or arising in or related to a case under the Bankruptcy Code.

13. Pursuant to 28 U.S.C. § 157(b)(1), this Court has authority to enter final judgment on all counts of the Complaint, subject to review under 28 U.S.C. § 158. Furthermore, the Plaintiff consents to final orders or judgment by this Court.

14. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### IV.  FACTUAL ALLEGATIONS

15. On or about January 13, 2020, Katerra and Cottage entered into a contract ("Contract") for construction and development of a twenty story mixed use building containing 166 residential apartments, office space and retail space (the "Project"). Under

the Contract Katerra agreed to act as the general contractor for construction and Cottage was the owner. *See* Exhibit A.

16. The Contract called for the Project to be completed for a guaranteed maximum price of $28,531,339.00. (*See* Exhibit A- Section 3.3.1)

17. Katerra began to perform and performed certain work for the Project and provided materials and labor as required by the Contract.

18. On May 18, 2021, Katerra submitted to Cottage its Contractor Application and Certification for Payment #14 ("Payment Application #14"). Pursuant to Payment Application #14 a total of $1,563,019.67 was owed to Katerra Construction (*See* Exhibit "B").

19. On May 27, 2021, Katerra was sent a letter from David Jensen, with the law firm of Greenberg Traurig, LLC indicating that Cottage elected to "immediately terminate" the Contract for convenience pursuant to Section 12.4 of the Contract. (*See* Exhibit "C").

20. Defendant Cottage did not provide Katerra a factual basis for its decision to terminate the Contract or claim that any work which had been performed by Katerra under the Contract was defective. Thereafter, Katerra stopped all work on the Project as required by the Contract.

21. Shortly after termination, Katerra issued to Cottage its Contractor Application and Certification for Payment #15 seeking a total of $1,508,921.17 for work performed in May of 2021. (*See* Exhibit D).

22. At the time that Katerra was terminated, its records indicated that the Defendant Cottage retained an additional $1,516,938.45 pursuant to the Payment Applications. (*See* Exhibit D)

23. Defendant Cottage failed to pay Katerra for the work performed through May 27, 2021 when it elected to terminate the Contract.

24. On June 6, 2021, Katerra commenced its Bankruptcy Cases in this Court.

25. Upon information and belief, Defendant Cottage has not filed a claim in the Bankruptcy Cases.

26. On June 6, 2022, the Plan Administrator communicated to counsel for Defendant Cottage that his investigation indicated that $4,588,879.29 was owed to Katerra. While Defendant Cottage acknowledged the request for information, nothing was provided to rebut or dispute the amounts owed to Katerra.

27. Since July 21, 2022, Katerra has made demand for the payment of $4,588,879.29 that is owed to Katerra. As of filing this Complaint, Defendant Cottage failed to respond or make a payment to Katerra.

V.   **COUNT ONE**
(**BREACH OF CONTRACT**)

28. Katerra incorporates the allegations of paragraphs 1 through 27 as though fully set forth herein.

29. The Contract between Katerra and Defendant Cottage is a valid, legally binding and enforceable agreement.

30. Katerra performed all conditions and obligations to be performed on its part under the terms of the Contract, until Katerra was terminated for convenience under Section 12.4 of the Contract.

31. Under the terms of the Contract, pursuant to Section 12.4, when terminated for convenience, Defendant Cottage is obligated to pay Katerra for all work performed and for any proven losses, costs or expenses in connection with the Work, including all demobilization costs.

32. Defendant Cottage has breached the Contract by, *inter alia*, by failing to timely make a payment for Katerra's payment applications Nos. 14 ($1,563,019.67) and 15 ($1,508,921.17) and failing to deliver to Katerra the retainage of $1,516,938.45.

33. Defendant Cottage's breach of the Contract has damaged Katerra and its Chapter 11 Bankruptcy estate in an amount to be proven at trial.

34. Katerra and its bankruptcy estate are entitled to an award of attorneys' fees, expenses and costs pursuant to Section 13.4 of the Contract, which specifically details that a prevailing party shall be entitled to an award of its attorneys' fees, expenses and costs incurred in prosecution or defense of the dispute arising out the Contract.

### VI.   COUNT TWO
### (UNJUST ENRICHMENT- IN THE ALTERNATIVE TO COUNT ONE)

35. Katerra incorporates the allegations of paragraphs 1 through 34 as though fully set forth herein.

36. Katerra conferred a benefit on Defendant Cottage by performing general contracting work for the Project.

37. Defendant Cottage voluntarily accepted and retained the benefit of Katerra's work.

38. Defendant Cottage has refused to pay for the benefits it received through Katerra's work by, among other things, failing to compensate Katerra for work and services it performed prior to the termination.

39. It would be inequitable for Defendant Cottage to retain the benefit of the work

40. Katerra performed if Defendant Cottage does not pay Katerra for the value of such work.

41. Katerra is entitled to recover the reasonable value of labor, services, and materials provided to Defendant Cottage.

## VII.  COUNT THREE
### (TURNOVER OF BANKRUPTCY ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 542(B))

42. Katerra incorporates the allegations of paragraphs 1 through 41 as though fully set forth herein.

43. Pursuant to the terms of the Contract, Defendant Cottage owes a debt to Katerra.

44. The debt Defendant Cottage owes to Katerra is fully matured and due.

45. The debt Defendant Cottage owes to Katerra is property of the Katerra bankruptcy estate.

46. Defendant Cottage has no claim for setoff regarding the amount of debt owed to Katerra pursuant to the Contract.

47. Pursuant to 11 U.S.C. § 542(b), Defendant Cottage shall immediately pay to the Plan Administrator all amounts due and owing under the Contract in an amount of $4,588,879.29, or such other amount that is proven at trial.

WHEREFORE, Plaintiff Katerra Construction, LLC prays for Judgment against Defendant 26-28 Cottage, LLC as follows:

A. For compensatory damages in an amount to be proven at trial;

B. For a Court Order mandating 26-28 Cottage, LLC immediately turnover the funds due and owing under the Contract in an amount of $4,588,879.29, or such other amount to be proven at trial;

C. For the Plaintiff's reasonable costs and attorney fees pursuant to the express provisions of the Contract;

D. For pre and post-judgment interest; and

E. For such other and further relief as the Court deems equitable and proper.

Dated this 9th day of October, 2023.

*/s/ Trey A. Monsour*
Trey A. Monsour, Esq.
(Tex. Bar No. 14277200)
**Fox Rothschild LLP**
Saint Ann Court
2501 North Harwood Street, Suite 1800
Dallas, TX  75201
Telephone:  (214) 231-5796
Facsimile:  (972) 404-0516
Mobile:  (713) 927-7469
E-mail:  tmonsour@foxrothschild.com

-and-

Ryan W. Anderson (admitted *pro hac vice*)
**Guttilla Murphy Anderson, P.C.**
5415 E. High St., Suite 200
Phoenix, AZ 85054
Tel: (480) 304-8300
Fax: (480) 304-8301
E-mail: randerson@gamlaw.com

***Attorneys for Plaintiff, Daniel R. Williams, as Plan Administrator of Katerra Inc. [In re: Katerra Inc. Bankruptcy Case No. 21-bk-31861]***