**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| In re:<br><br>Katerra Inc.,<br><br>Debtors. | Chapter 11<br><br>Case No.: 21-31861 (CML)<br><br>(Jointly Administered) |
| Katerra Construction LLC et al. by and through Daniel R. Williams, as Plan Administrator of Katerra Inc. and related debtors,<br><br>Plaintiff,<br>v.<br><br>26-28 Cottage LLC,<br>Defendant. | Adv. No. 4:23-ap-3226<br><br>**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

Pursuant to Fed. R. Bankr. P. 7056 and Fed. R. Civ. P. 56(a), Daniel R. Williams, the Plan Administrator in *In re: Katerra Inc. Bankruptcy Case No. 21-bk-31861* ("Plaintiff"), through counsel, submits the following motion for partial summary judgment.

1. This adversary action arises out of a construction contract between Katerra Construction LLC ("Katerra") and Defendant 26-28 Cottage LLC ("Defendant" or "Cottage"). Katerra seeks to recover $4,588,879.29 for construction services that were provided to Cottage. Cottage disputes it owes Katerra for the amounts demanded and, relevant here, claims in its second affirmative defense that it is entitled to a setoff or recoupment against any of Katerra's damages for money Cottage allegedly paid to various subcontractors pre- and post-Petition.

2. Plaintiff seeks summary judgment only on Cottage's claim to a setoff or recoupment. Summary judgment is warranted here because of the plain text of Debtor's confirmed Plan. Under the Plan, any claims to setoff or recoupment were released and Cottage is enjoined from raising them. Accordingly, Plaintiff respectfully requests its motion be granted.

3. This motion is supported by the declaration of the Plan Administrator Mr. Williams ("Williams Decl."), the following memorandum of points and authorities, and the record before the Court.

## I. STATEMENT OF MATERIAL FACTS

### a. <u>Contract between Katerra and Cottage</u>

4. On or about January 13, 2020, Katerra and Cottage entered into a contract ("Contract") for construction and development of a twenty-story mixed use building containing 166 residential apartments, office space and retail space (the "Project"). (Williams Decl. ¶ 1.) Pursuant to the Contract, Katerra agreed to act as the general contractor for construction and Cottage was the owner. (*Id*. at ¶ 2.)

5. On May 18, 2021, Katerra submitted to Cottage its Contractor Application and Certification for Payment #14 ("Payment Application #14"). (*Id*. at ¶ 3.) Pursuant to Payment Application #14 a total of $1,563,019.67 was owed to Katerra Construction. (*Id*. at ¶ 4.) On May 27, 2021, Katerra was sent a letter from David Jensen, with the law firm of Greenberg Traurig, LLP indicating that Cottage elected to "immediately terminate" the Contract for convenience pursuant to Section 12.4 of the Contract. (*Id*. at ¶ 5.)

6. Shortly after the termination letter, Katerra issued to Cottage its Contractor Application and Certification for Payment #15 seeking a total of $1,508,921.17 for work performed in May of 2021. (*Id*. at ¶ 6.) Katerra also asserts that at the time it was terminated, Cottage owed it an additional $1,516,938.45 in "retainage" for prior work on the Project. (*Id*. at ¶ 7.) Katerra did not receive payment from Cottage for Applications 14, 15 or the retainage of $1,516,938.45. (*Id*. at ¶ 8.) In total, Katerra seeks to recover $4,588,879.29 from Cottage.

**b. <u>Katerra's Bankruptcy and Notices to Cottage</u>**

7. On June 6, 2021, (the "Petition Date"), Katerra filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Code"). Cottage was listed as an unsecured creditor on Katerra's initial and amended schedules. (*See* Doc. 452 at 107; Doc. 1034 at 28.) Cottage's claim was listed as "contingent, unliquidated, disputed" and of an "undetermined" amount. (*Id*.)

8. On July 9, 2021, the Bar Date Notice was mailed to Cottage at 98 Cuttermill Road, Suite 284 North, Great Neck, NY 11021. (Doc. 651-1 at 1, 37.) The Bar Date Notice provided in part that creditors were required to submit a Proof of Claim to preserve

any claim in the eventual reorganization plan. (*Id*. at 25.) If no Proof of Claim was timely filed, the Bar Date Notice advised that:

a. YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

b. THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

c. YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

d. YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

(Id.) Cottage admitted in its answer that it never filed a proof of claim.

9. On August 31, 2021, a copy of the Combined Hearing Notice was mailed to Cottage at the Great Neck address. (Doc. 1036-1 at 2, 88.) The Combined Hearing Notice advised creditors of the basic terms of Katerra's and the other Debtor's reorganization plan (the "Plan"). (Doc. 1036-1 at 2-4.) This included notices that the Plan would include a broad release of claims and an injunction. (*Id*.) The Combined Hearing Notice quoted portions of the proposed releases and injunction which expressly noted that creditors would be enjoined from "asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action or liabilities unless such Entity has timely asserted such setoff right in a

document filed with the Bankruptcy Court[.]" (*Id*. at 11.) Where to access the proposed Plan and related information was also provided. (*Id*.) The Combined Hearing Notice concluded with the following warning:

> ALL HOLDERS OF CLAIMS OR INTERESTS THAT DO NOT FILE AN OBJECTION WITH THE BANKRUPTCY COURT IN THE CHAPTER 11 CASES THAT EXPRESSLY OBJECTS TO THE INCLUSION OF SUCH HOLDER AS A RELEASING PARTY UNDER THE PROVISIONS CONTAINED IN ARTICLE VIII.D OF THE PLAN OR DO NOT ELECT TO OPT OUT OF THE PROVISIONS CONTAINED IN ARTICLE VIII.D OF THE PLAN IN A BALLOT OR NOTICE DISTRIBUTED BY THE DEBTORS WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES. YOU WILL RECEIVE THE SAME RECOVERY AND TREATMENT ON ACCOUNT OF YOUR CLAIM OR INTEREST UNDER THE PLAN REGARDLESS OF WHETHER YOU ELECT TO NOT GRANT THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN. BY OBJECTING TO OR ELECTING TO OPT OUT OF THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE VIII.C OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.

(Id. at 12.) Cottage did not file any objection to the Plan.

**c. <u>Confirmation of the Plan</u>**

10. The Plan as amended was filed at Docket No. 1338. The Plan was then confirmed on October 21, 2021 (the "Confirmation Order"). (Doc. 1372.) The Plan and Confirmation Order contained the releases and injunctions warned of in the Combined Hearing Notice. The relevant portions of the releases (the "Third-Party Release") and injunction ("Injunction") are quoted below.

From the Third-Party Release:

> Except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released each Debtor, Wind-Down Debtor, and Released Party from any and all Claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereinafter arising, in law, equity, contract, tort or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan[.]

(Doc. 1372 at 44.)

From the Injunction:

> Except as otherwise provided in the Plan or this Confirmation Order, all Entities who have held, hold, or may hold Claims, Interests, Causes of Action, or liabilities that: (a) are subject to compromise and settlement pursuant to the terms of the Plan […] or (e) are otherwise satisfied, stayed or terminated pursuant to the terms of the Plan, are permanently enjoined and precluded, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, Wind-Down Debtors, the Released Parties, or the Exculpated Parties […] "asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action or liabilities unless such Entity has timely asserted such setoff right in a document filed with the Bankruptcy Court explicitly preserving such setoff, and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise[.]"

(Doc. 1372 at 48.)

**d. <u>The Retained Causes of Action</u>**

11. The Plan also provided that Katerra and the other Debtors would retain certain causes of action (the "Retained Causes"). (Doc. 1338 at 26.) Pursuant to the Plan, those Retained Causes would be listed in a schedule that was subject to amendment through Plan Supplements. (*Id*. at 10-11.) On October 29, 2021, the Debtors filed a *Notice of Filing of Fifth Amended Plan Supplement* and attached as Schedule B(vi) a Schedule of Retained Causes of Action Related to Accounts Receivable. (Docket No. 1418.) Katerra specifically lists claims against Cottage on Schedule B (iv) on the Fifth Amended Plan Supplement. (*Id*. at 7.)

**e. <u>Dispute Over Setoff and Recoupment</u>**

12. After filing this Complaint, the parties, through counsel, have attempted to reach a settlement. In that process, Cottage asserts it paid various subcontractors following its termination of Katerra from working on the Project. Although Cottage concedes it cannot assert that loss as a counterclaim, it contends it can assert that loss as a setoff or recoupment. (Williams Decl. ¶ 9.) This defense is listed as Cottage's Second and Third Affirmative Defenses in its Answer. (AP Doc. 21 at 6.)

13. The amount of the alleged setoff or recoupment claimed by Cottage is substantial and, according to Cottage, may equal or exceed the $4,588,879.29 sought by Plaintiff in this adversary proceeding. Plaintiff believes that resolving the availability of this setoff or recoupment will facilitate settlement or, at minimum, substantially narrow the issues disputed in this action. (Williams Decl. ¶ 10.)

## II. LEGAL ARGUMENT

14. Summary judgment may be granted on any part of a claim or defense where there is no factual dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

15. There is no factual dispute precluding summary judgment here. The parties may dispute the amounts claimed but cannot dispute that (1) Katerra seeks to recover on its invoices or that (2) Cottage claims a setoff or recoupment for money it paid to Katerra's subcontractors. Plaintiff is entitled to judgment as a matter of law because the Plan and Confirmation Order enjoin Cottage from raising any setoff or recoupment.

**a. <u>Cottage's Claims are Either a Setoff or a Recoupment</u>**

16. "A setoff or an offset is defined as a defendant's counterdemand against a plaintiff, arising out of a transaction independent of the plaintiff's claim or a debtor's right to reduce the amount of a debt by any sum the creditor owes the debtor." *In re German Pellets Louisiana, LLC*, 656 B.R. 611, 625–26 (Bankr. W.D. La. 2022) (cleaned up). A recoupment is the "[r]eduction of a plaintiff's damages because of a demand by the defendant arising out of the same transaction." *Id*. (citations omitted).

17. Because they arise out of the Contract that forms the basis of this action, Cottage's claims are a recoupment. Even if they are a setoff, they are barred by the terms of the Plan and Confirmation Order.

**b. <u>The Plan's Injunction Bars Cottage's Affirmative Defense to Setoff or Recoupment</u>**

18. The Plan and Confirmation Order include an injunction barring any Entity from "asserting any right of setoff, subrogation, or recoupment of any kind against any

obligation due from such Entities[.]" (Doc. 1372 at 48.) Bankruptcy courts, including those in the Fifth Circuit, interpret similar injunction language as a complete bar to recoupment or setoff against a debtor's post-confirmation claims. *See Matter of German Pellets Louisiana, L.L.C.*, 91 F.4th 802 (5th Cir. 2024); *In re SunCruz Casinos LLC*, 342 B.R. 370 (Bankr. S.D. Fla. 2006) ("Where, as here, however, the Plan expressly prohibits the assertion of any setoff or recoupment rights, the Court finds that such a provision is binding on creditors and parties in interest to the case, including the Club.")

19. The Plan's Injunction plainly applies to Cottage. By its terms, the Injunction affects "all Entities who have held, hold, or may hold Claims, Interests, Causes of Action, or liabilities" that are "subject to compromise and settlement pursuant to the terms of the Plan" or are "otherwise satisfied, stayed or terminated pursuant to the terms of the Plan[.]"

20. Under the Plan, an Entity has the same definition as the Code and therefore includes limited liability companies like Cottage. (Doc. 1338 at 8); *see* 11 U.S.C. § 101(15).

21. It is undisputed that Cottage also held Claims or Causes of Action against Katerra. Like Entity, Claim has the same definition from the Code and therefore includes a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." (Doc. 1338 at 7.) Causes of Action are defined in the Plan to include "any rights of setoff, counterclaim, or recoupment and any claims under contracts or for breaches of duties imposed by law or in equity[.]" (Doc. 1338 at 7.)

22. Last, Cottage's Claims or Causes of Action were of course subject to compromise and terminated by the Plan. Article VII of the Plan sets out the procedure to compromise, allow or disallow "contingent, unliquidated and disputed" claims like Cottage's. That same article also confirms all of Cottage's claims were "satisfied, stayed or terminated" because Cottage never filed a proof of claim. Cottage was therefore "barred from asserting such Claims against the Debtors[.]" (Doc. 1338 at 34.)

23. The Plan's Injunction applies to Cottage's claims for setoff or recoupment. The Plan does not merely enjoin an entity from asserting claims. Instead, the Plan's injunction is intentionally broad and applies to "***any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action***[.]" (Doc. 1338 at 38.) However Cottage wishes to frame its claims for setoff or recoupment, they fall within the broad language of the Injunction.

24. The only way for Cottage to preserve any right of setoff or recoupment was to "timely asser[t] such setoff right in a document filed with the Bankruptcy Court explicitly preserving such setoff[.]" Cottage was mailed a copy of the Combined Notice and was thus put on notice of the injunction and release. Despite that notice, Cottage took no action and filed no statement preserving any claim, cause of action or right of setoff or recoupment.

**c. <u>Cottage Expressly Released Any Setoff and Recoupment Claims</u>**

25. In addition to the Injunction, Cottage released any claims of setoff or recoupment. As noted above, the Plan included a Third Party Release which provided that all "Releasing Parties" were deemed to have released each Debtor from all "Claims, interests, obligations, rights, suits, damages, Causes of Action remedies, and liabilities whatsoever […] based on or relating to, or in any manner arising from, in whole or in part, the Debtors[.]" (Doc. 1338 at 36-37.) As already noted, Causes of Action includes rights of setoff or recoupment. (Doc. 1338 at 7.)

26. Under the Plan, "Releasing Parties" are Holders of Claims or Interests that "do not opt out of the releases in the Plan by checking the box on the applicable form indicating that they opt not to grant the releases provided in the Plan[.]" (Doc. 1338 at 8.) Cottage is a Holder of Claims because it is an "Entity holding a Claim[.]" (*Id.* at 9.) Nowhere does the record in this case show Cottage filed an objection to the Releases or opted out of them.

27. By failing to take any action to preserve any setoff or recoupment, Cottage released them. *See In re SunCruz Casinos LLC*, 342 B.R. 370, 381 (Bankr. S.D. Fla. 2006) ("The Club was served with the Plan and Disclosure Statement and had full opportunity to object to the proposed prohibition on the assertion of setoff or recoupment rights. Instead, the Club ignored the ringing bells and flashing lights and did nothing.")

**d. <u>Section 136 of the Confirmation Order is Inapplicable to Cottage</u>**

28. In discussions between counsel, Cottage argued that the Confirmation Order removed the injunction against asserting a setoff or recoupment. Cottage points to section 136 of the Confirmation Order which reads in full as follows:

> Notwithstanding any other provision in the Disclosure Statement, Plan, or this Confirmation Order, Confirmation of the Plan shall not impair, alter, eliminate, or prejudice the rights of any Entity to setoff or recoup against any monies of a Debtor held by such Entity, any obligations owed by such Debtor to such Entity and such setoff and recoupment rights shall in all respects be preserved post-Confirmation to the same extent they existed pre-petition, and the Debtors and Wind-Down Debtors, as applicable, reserve all rights, remedies, and defenses in connection with the foregoing.

(Doc. 1372 at 60.)

29. This Section does not take a redline through the text of the Injunction or Third-Party Release as Cottage argues. Instead, this Section is a limited narrowing of the Injunction and Third-Party Release. By its terms Section 136 only preserves a setoff or recoupment as "against any monies of a Debtor ***held by such Entity***". (*Id.*) (emphasis added). Cottage does not hold any property or money belonging to Katerra and this Section does not apply to any of its claims for setoff or recoupment.

## III. CONCLUSION

30. The Third-Party Release and Injunction are integral parts of the Plan. Cottage was put on notice that under the Plan, any claims for setoff or recoupment were at risk of being released or enjoined. Cottage took no action and the Plan now bars Cottage from asserting any claims of setoff or recoupment.

Accordingly, Plaintiff respectfully requests this Court grant this motion for summary judgment, dismiss Cottage's second and third affirmative defenses and hold that Cottage is barred from asserting any claim for setoff or recoupment, and grant Plaintiff such other and further relief to which it may be entitled.

Dated this 1st day of September, 2026.

*/s/ Ryan W. Anderson*
Ryan W. Anderson (admitted *pro hac vice*)
**Burch & Cracchiolo, P.A.**
1850 North Central Avenue
Suite 1700
Phoenix, AZ 85004
Tel: (602) 274-7611
E-mail: randerson@bcattorneys.com

And

*/s/ Trey A. Monsour*
Trey A. Monsour, Esq
Tex. Bar No. 14277200
**Fox Rothschild LLP**
Saint Ann Court
2501 North Harwood Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 231-5796
Facsimile: (972) 404-0516
E-mail: tmonsour@foxrothschild.com

***Attorneys for Plaintiff, Daniel R. Williams, as Plan Administrator of Katerra Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of September, a true and correct copy of Plaintiff's Motion for Partial Summary Judgment was caused to be served through this Court's CM/ECF noticing system to all parties registered to receive notices in this case.

I hereby certify that on this same date I emailed a copy of Plaintiff's Motion for Partial Summary Judgment to Defendant's counsel at Hal.Beerman@gtlaw.com and Cara.Kelly@gtlaw.com.

*/s/ Trey A. Monsour*
Trey A. Monsour (Tex. Bar No. 14277200